I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL petitioner (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: May 16, 2012

DEPUTY CLERK

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY 16 2012

CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| VASILIS FOTIOU SAKELLARIDIS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, Cocoran State Prison,<br><br>Respondent. | Case No. EDCV 12-00464 ODW (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the Court is a first amended petition for writ of habeas corpus ("FAP") brought by Vasilis Fotiou Sakellaridis ("Petitioner"), a state prisoner proceeding *pro se*. The FAP is brought pursuant to 28 U.S.C. § 2254 and raises three claims directed at Petitioner's July 19, 2005 conviction in the California Superior Court for San Bernardino County (case no. FSB038966) of first degree residential robbery with a firearm enhancement, for which he was sentenced to 14 years in state prison. For the reasons set forth below, Petitioner is ordered to show cause why his FAP should not be dismissed with prejudice because it is time-barred.

///
///

## II. DISCUSSION

### A. Standard of Review

Habeas Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001); *see also Wood v. Milyard*, --- U.S. ---, 132 S. Ct. 1826, ---- (2012) (reaffirming *Day*'s holding that district courts are permitted to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition, and itself holding that "courts of appeals, like district courts, have the authority - though not the obligation - to raise a forfeited timeliness defense on their own initiative.").

### B. Statute of Limitations

The FAP is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the original petition initiating this action was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for

seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The face of the FAP and relevant state court records[1] establish the following relevant facts. Petitioner was convicted of the above offense on July 19, 2005, and was sentenced on March 27, 2009. On March 30, 2010, the California Court of Appeal affirmed the judgment of conviction (case no. E048166). Petitioner did not file a petition for review of that decision in the California Supreme Court. (Pet. at 2-3; state court records.) Thus, for purposes of AEDPA's limitations period, his conviction became final on May 9, 2010, the fortieth day after the California Court of Appeal affirmed the judgment. *See* CAL. CT. R. 8.366(b)(1); 8.500(e)(1); *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008); *Duncan*, 297 F.3d at 812-13.

The statute of limitations then started to run the next day, May 10, 2010, and ended a year later on May 9, 2011. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not constructively file his original petition until March 21, 2012 -- 317 days (more than ten months) after the expiration of the limitations period.[2] Accordingly, absent some basis for tolling or an alternative start date to the limitations period under 28 U.S.C. § 2244(d)(1), the pending FAP is time-barred.

---

[1] The Court takes judicial notice of Petitioner's records in the superior court, which are available on the Internet at http://www.sb-court.org, and in the appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal habeas courts may take judicial notice of relevant state court records).

[2] Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule 3(d). For purposes of the timeliness analysis, and absent any evidence to the contrary, the Court finds Petitioner constructively filed the original petition by delivering it to the prison mail system on March 21, 2012, the date reflected on his proof of service.

C. **Statutory Tolling**

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip*, 548 F.3d at 734; *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitations period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

Further, to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, his first state habeas petition must be constructively filed before, not after, the expiration of AEDPA's one-year limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

The face of the FAP and relevant state court records establish Petitioner filed four state habeas petitions, including two in the superior court, one in the California Court of Appeal, and one in the California Supreme Court. For the reasons discussed below, none of those petitions qualify for statutory tolling.

Page 4

Petitioner's superior court records establish that his first state habeas petition (case no. WHCSS900058) was filed before he was sentenced by the trial court, on February 18, 2009, and was denied on February 27, 2009. Since that petition was denied more than a year before the limitations period started to run on May 10, 2010, it was never pending during the relevant period and could not toll the statute. *See Tillema v. Long*, 253 F.3d 494, 498 (9th Cir. 2001) (state collateral review motion filed before the AEDPA limitations period commenced qualified for tolling only because it was still pending after the limitations period began), *abrogated on other grounds as recognized in Ford v. Pliler*, 590 F.3d 782, 789 n.3 (9th Cir. 2009).

Petitioner's second state habeas petition, filed on May 17, 2011, was also filed in the superior court. (FAP at 3-4; state court records.) That petition does not qualify for statutory tolling for two reasons. First, it cannot be included in Petitioner's first round of collateral review that was triggered by his first state habeas petition. As stated above, a California petitioner's state "collateral review is considered to be pending during the interim between a writ being denied at one court level and a new petition being filed at the next higher court level . . . ." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). However, "each time a petitioner files a new habeas petition *at the same or a lower level*, . . . the subsequent petition has no effect on the already pending application, but triggers an entirely separate round of review." *Delhomme v. Ramirez*, 340 F.3d 817, 820 (9th Cir. 2003) (emphasis added), *abrogated on other grounds as recognized in Waldrip*, 548 F.3d at 733. Second, that petition was also ineligible to trigger a new, separate round of review because it was successive. *See Porter*, 620 F.3d at 958 ("For tolling to be applied based on a second round, the petition cannot be untimely or an improper successive petition."). More specifically, the superior court assigned the second petition the same case number as the first petition, placed it on the same docket, and labeled it as a "Subsequent Petition For Writ of Habeas Corpus." The superior court also denied that petition the day after it was filed on the basis that it was a "serial petition alledging [sic] no new facts . . . ."

(FAP, Ex. H; state court records.) As a result, the Court finds that petition was an improper successive petition, and it therefore merely overlaps Petitioner's sole round of state habeas review and did not trigger a new one. *See Porter*, 620 F.3d at 958.

Petitioner is also not entitled to statutory tolling for the pendency of his last two state habeas petitions in the state court of appeal (case no. E054148) and California Supreme Court (case no. S197245). (FAP at 4-5, Ex. G; state court records.) The first of those petitions was not filed in the court of appeal until August 1, 2011, nearly three months after the limitations period expired on May 9, 2011. Thus, neither of those petitions qualifies for statutory tolling. *Ferguson*, 321 F.3d at 823; *Jiminez*, 276 F.3d at 482; *Webster*, 199 F.3d at 1259.

Moreover, Petitioner is not entitled to statutory tolling during the interval between his original state habeas petition in the superior court and his petition in the court of appeal. As stated above, intervals between a lower court decision and the filing of a new petition in a higher court toll the limitations period, but only *where reasonable. Saffold*, 536 U.S. at 221, 223; *Evans*, 546 U.S. at 192. However, here, the interval between the superior court's February 27, 2009 decision and the filing of Petitioner's habeas petition in the court of appeal on August 1, 2011 spanned 885 days (approximately 2½ years). That interval was "substantially longer than the '30 to 60 days' that 'most States' allow for filing petitions, and [Petitioner has] offered no justification for the delay[] as required under California law." *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (holding that intervals of 115 and 101 days were unreasonable and did not qualify for statutory tolling) (citations omitted); *see also Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010) (holding that a 146-day interval was unreasonable). As a result, Petitioner is not entitled to interval tolling between the denial of his first state habeas petition in the superior court and the filing of his habeas petition in the court of appeal.

The face of the FAP and state court records establish Petitioner is not entitled to statutory tolling.

### D. Alternative Start of the Statute of Limitations

#### 1. State-Created Impediment

In rare instances, AEDPA's one-year limitations period can run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The FAP does not set forth any facts that show Petitioner is entitled to relief under this provision.

#### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The FAP does not set forth any facts that show Petitioner is entitled to relief under this provision.

#### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). The FAP does not set forth any facts that show Petitioner is entitled to an alternate start date to the limitations period based upon the late discovery of the factual predicate.

### E. Equitable Tolling

The AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger

equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007). *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). The petitioner must also demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. *Pace*'s "extraordinary circumstances" prong requires the petitioner to "additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations and citations omitted). Further, equitable tolling determinations are "highly fact-dependent," *Mendoza*, 449 F.3d at 1068, and the petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

The face of the FAP does not establish Petitioner is entitled to equitable tolling in this case.

///

# ORDER

Based on the foregoing, the Court finds this action is untimely. Accordingly, Petitioner shall have until **June 5, 2012**, to file a written response and show cause why his FAP should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any properly authenticated exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to respond and the Court will, without further notice, issue an order dismissing the FAP, with prejudice, as time-barred.**

**Further, if Petitioner determines the Court's above analysis is correct and the FAP is clearly time-barred, he should consider filing a Request for Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: May 15, 2012

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE