FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
JUN 22 2012
CENTRAL DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

VASILIS FOTIOU SAKELLARIDIS,
Petitioner,
v.
WARDEN, Corcoran State Prison,
Respondent.

Case No. EDCV 12-00464 ODW (AN)

**ORDER DISMISSING HABEAS PETITION AS TIME-BARRED**

Before the Court is a first amended petition for writ of habeas corpus ("FAP") brought by Vasilis Fotiou Sakellaridis ("Petitioner"), a state prisoner proceeding *pro se*. For the reasons discussed below, the FAP is dismissed with prejudice because the Court finds it is time-barred.

**I. BACKGROUND**

The pending FAP raises three claims directed at Petitioner's July 19, 2005 conviction in the California Superior Court for San Bernardino County (case no. FSB038966) of first degree residential robbery with a firearm enhancement, for which he was sentenced to 14 years in state prison.

Pursuant to the Court's duty to screen habeas petitions before service, the Magistrate Judge found it plainly appeared from the face of the FAP and relevant state

court records that this action was barred by the one-year statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. §2244(d)(1)(A). Accordingly, on May 16, 2012, the magistrate judge issued an Order to Show Cause [7] ("OSC") notifying Petitioner the action appeared to be time-barred absent some basis for tolling or an alternative start to AEDPA's one-year limitations period under 28 U.S.C. § 2244(d)(1)(B)-(D). The OSC discussed the various bases for tolling and directed Petitioner to show cause why the action should not be dismissed as time-barred by filing a written response no later than June 5, 2012. (OSC at 4-9.) Petitioner has filed his Response to the OSC ("Response"), and the matter now stands submitted.

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001); *see also Wood v. Milyard*, --- U.S. ---, 132 S. Ct. 1826, ---- (2012) (reaffirming *Day*'s holding that district courts are permitted to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition, and itself holding that

"courts of appeals, like district courts, have the authority - though not the obligation - to raise a forfeited timeliness defense on their own initiative.").

**B. Statute of Limitations**

The FAP is governed by the AEDPA, which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period is triggered by "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The face of the FAP and relevant state court records[1] establish the following relevant facts. Petitioner was convicted of the above offense on July 19, 2005, and was sentenced on March 27, 2009. On March 30, 2010, the California Court of Appeal affirmed the judgment of conviction (case no. E048166). Petitioner did not file a petition for review of that decision in the California Supreme Court. (Pet. at 2-3; state court records.) Thus, for purposes of AEDPA's limitations period, his conviction became final on May 9, 2010, the fortieth day after the California Court of Appeal affirmed the judgment. *See* CAL. CT. R. 8.366(b)(1); 8.500(e)(1); *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008); *Duncan*, 297 F.3d at 812-13.

The statute of limitations then started to run the next day, May 10, 2010, and ended a year later on May 9, 2011. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did

---

[1] The Court takes judicial notice of Petitioner's records in the superior court, which are available on the Internet at http://www.sb-court.org, and in the appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal habeas courts may take judicial notice of relevant state court records), *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

not constructively file his original petition until March 21, 2012 -- 317 days (more than ten months) after the expiration of the limitations period.[2] Accordingly, absent some basis for tolling or an alternative start date to the limitations period under 28 U.S.C. § 2244(d)(1), the pending FAP is time-barred.

**C. Statutory Tolling**

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip*, 548 F.3d at 734; *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitations period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006).

Further, to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, his first state habeas petition must be constructively filed before, not after, the expiration of AEDPA's one-year limitations

---

[2] Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule 3(d). For purposes of the timeliness analysis, and absent any evidence to the contrary, the Court finds Petitioner constructively filed the original petition by delivering it to the prison mail system on March 21, 2012, the date reflected on his proof of service.

period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

The face of the FAP and relevant state court records establish Petitioner filed four state habeas petitions, including two in the superior court, one in the California Court of Appeal, and one in the California Supreme Court. For the reasons discussed below, none of those petitions qualify for statutory tolling.

Petitioner's superior court records establish that his first state habeas petition (case no. WHCSS900058) was filed before he was sentenced by the trial court, on February 18, 2009, and was denied on February 27, 2009. Since that petition was denied more than a year before the limitations period started to run on May 10, 2010, it was never pending during the relevant period and could not toll the statute. *See Tillema v. Long*, 253 F.3d 494, 498 (9th Cir. 2001) (state collateral review motion filed before the AEDPA limitations period commenced qualified for tolling only because it was still pending after the limitations period began), *abrogated on other grounds as recognized in Ford v. Pliler*, 590 F.3d 782, 789 n.3 (9th Cir. 2009).

Petitioner's second state habeas petition, filed on May 17, 2011, was also filed in the superior court. (FAP at 3-4; state court records.) That petition does not qualify for statutory tolling for two reasons. First, it cannot be included in Petitioner's first round of collateral review that was triggered by his first state habeas petition. As stated above, a California petitioner's state "collateral review is considered to be pending during the interim between a writ being denied at one court level and a new petition being filed at the next higher court level . . . ." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). However, "each time a petitioner files a new habeas petition *at the same or a lower level*, . . . the subsequent petition has no effect on the already

pending application, but triggers an entirely separate round of review." *Delhomme v. Ramirez*, 340 F.3d 817, 820 (9th Cir. 2003) (emphasis added), *abrogated on other grounds as recognized in Waldrip*, 548 F.3d at 733. Second, that petition was also ineligible to trigger a new, separate round of review because it was successive. *See Porter*, 620 F.3d at 958 ("For tolling to be applied based on a second round, the petition cannot be untimely or an improper successive petition."). More specifically, the superior court assigned the second petition the same case number as the first petition, placed it on the same docket, and labeled it as a "Subsequent Petition For Writ of Habeas Corpus." The superior court also denied that petition the day after it was filed on the basis that it was a "serial petition alledging [sic] no new facts . . . ." (FAP, Ex. H; state court records.) As a result, the Court finds that petition was an improper successive petition, and therefore merely overlapped Petitioner's sole round of state habeas review and did not trigger a new one. *See Porter*, 620 F.3d at 958.

In his Response, Petitioner takes issue with the superior court's ruling that his second state habeas petition was successive. Specifically, he argues that he raised two additional issues in that petition, which were not raised in the first one. (Resp. at 4-5.) However, Petitioner's argument focuses too heavily on the court's statement that the petition alleged "no new facts" instead of the court's ultimate ruling and the law governing successive habeas petitions in California. His second petition challenged the same conviction, the same set of facts surrounding that conviction, and was filed well over *two years* after the first petition. As a result, it was in violation of California's rule against untimely, successive petitions. *See generally In re Clark*, 5 Cal. 4th 750, 21 Cal. Rptr. 2d 509 (1993). More important, though, even if Petitioner's second habeas petition *had* triggered a separate round of review, he would still be untimely. Assuming without finding that petition was constructively filed on April 30,

2011,[3] and further assuming without finding that his round of state collateral review also included his last two state habeas petitions (court of appeal case no. E054148 and California Supreme Court case no. S197245), he would be entitled to 298 days of statutory tolling, from April 30, 2011, until February 22, 2012, the date the California Supreme Court denied his last state habeas petition. *See* CAL. CT. R. 8.532(b)(2)(C); *Corjasso v. Ayers*, 278 F.3d 874, 880 n.1 (9th Cir. 2002) (orders of the California Supreme Court denying habeas petitions are final upon filing). Given 298 days, the expiration of the limitations period would have been extended from May 9, 2011, to March 2, 2012. As stated above, however, the original petition initiating this action was constructively filed on March 21, 2012. Thus, while the Court rejects Petitioner's statutory tolling argument and finds his second state habeas petition *did not* trigger a separate round of review, the Court also finds that, even if it had, the result would be the same.

Since Petitioner's second state habeas petition merely overlapped his round of state collateral review, Petitioner is also not entitled to interval tolling. Specifically, the interval between his original state habeas petition in the superior court and his petition in the court of appeal was unreasonable. As stated above, intervals between a lower court decision and the filing of a new petition in a higher court toll the limitations period, but only *where reasonable*. *Saffold*, 536 U.S. at 221, 223; *Evans*,

---

[3] Although Petitioner correctly concedes that his second state habeas petition was filed after the limitations period expired (Resp. at 5), the mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The Court, pursuant to its authority to take judicial notice of state court records, has obtained a copy of that petition and finds Petitioner dated it and the accompanying proof of service on April 30, 2011. However, this is not a reliable indicator of the constructive filing date because, in the Court's experience, it is not unusual for prisoners to sign and date their petitions well before they actually deliver them to the prison mail system for filing. Accordingly, the Court merely uses the April 30, 2011 date to illustrate that Petitioner would still have been untimely even assuming the earliest possible constructive filing date.

546 U.S. at 192. However, here, the interval between the superior court's February 27, 2009 decision and the filing of Petitioner's habeas petition in the court of appeal on August 1, 2011 spanned 885 days (approximately 2½ years). That interval was "substantially longer than the '30 to 60 days' that 'most States' allow for filing petitions, and [Petitioner has] offered no justification for the delay[] as required under California law." *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (holding that intervals of 115 and 101 days were unreasonable and did not qualify for statutory tolling) (citations omitted); *see also Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010) (holding that a 146-day interval was unreasonable). As a result, Petitioner is not entitled to interval tolling between the denial of his first state habeas petition in the superior court and the filing of his habeas petition in the court of appeal.

Moreover, without interval tolling, Petitioner is not entitled to any statutory tolling for the pendency of his last two state habeas petitions in the state court of appeal and California Supreme Court. (FAP at 4-5, Ex. G; state court records.) As discussed above, the first of those petitions was not filed in the court of appeal until August 1, 2011, nearly three months after the limitations period expired on May 9, 2011. Thus, neither of those petitions qualifies for statutory tolling. *Ferguson*, 321 F.3d at 823.

Finally, in his Response, Petitioner also points to a motion he made in the superior court for DNA testing, which it appears was filed on February 1, 2011, and denied on February 7, 2011, as well as a subsequent petition for writ of mandate he filed in the court of appeal challenging the superior court's ruling, which was denied on March 25, 2011. (FAP, Exs. E, F, M, N.) He claims he should be entitled to statutory tolling for the pendency of those pleadings. (Resp. at 5-6.) However, while Petitioner presumably sought DNA testing so he could *then* challenge his underlying conviction, his attempts to secure a DNA test were not themselves "properly filed application[s] for State post-conviction or other collateral review *with respect to the pertinent judgment or claim*." § 2244(d)(2) (emphasis added); *see also Hodge v.*

*Greiner*, 269 F.3d 104, 107 (2d Cir. 2001) (the petitioner was not entitled to statutory tolling for a state court motion that "did not challenge his conviction. Rather, it sought material he claimed might be of help in developing such a challenge, . . . ."); *Johnson v. Lewis*, 310 F. Supp. 2d 1121, 1125 (C.D. Cal. 2004) (the petitioner was not entitled to statutory tolling for a petition for writ of mandate because it sought the return of property seized during his arrest and was not directed at his underlying conviction and sentence). Further, even if those documents had qualified for statutory tolling, they would only entitle Petitioner to 52 days of tolling (February 1 to March 25, 2011). Extending the limitations deadline from May 9, 2011, to June 30, 2011, would be of no help to Petitioner, since he initiated this action on March 21, 2012.[4]

The face of the FAP and state court records establish Petitioner is not entitled to statutory tolling, and his Response to the OSC does not alter that conclusion.

**D. Alternative Start of the Statute of Limitations**

**1. State-Created Impediment**

In rare instances, AEDPA's one-year limitations period can run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Petitioner's filings do not set forth any facts that show Petitioner is entitled to relief under this provision.

///

///

---

[4] In the Response, Petitioner claims he is entitled to *tolling* for his DNA request and subsequent petition for writ of mandate, but he then calculates the limitations period to *restart* the day after his petition for writ of mandate was denied. (Resp. at 6.) That calculation is rejected as erroneous.

**2. Newly Recognized Constitutional Right**

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). In his Response, Petitioner contends one of his pending claims is based upon a newly-recognized constitutional right. Specifically, he argues his ineffective assistance of counsel claim based on his trial attorney's alleged failure to communicate a plea offer (FAP at 10) is brought pursuant to *Lafler v. Cooper*, --- U.S. ---, 132 S. Ct. 1376 (2012); and *Missouri v. Frye*, --- U.S. ---, 132 S. Ct. 1399 (2012), both of which were decided on March 21, 2012. (Resp. at 6-7.) Petitioner's contention is erroneous.

First, while it is true that in *Frye* the High Court articulated a general rule that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused," *Frye*, 132 S. Ct. at 1408, the Court's clarification of a defense counsel's duty is not a newly-recognized *constitutional right*. The right at issue is Petitioner's Sixth Amendment right to the effective assistance of counsel, the legal standard of which has been recognized since 1984. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). In fact, Petitioner raised his related ineffective assistance claim in the state courts more than five months before *Frye* or *Lafler* were decided, so his contention that his claim is based on those cases is false and misleading.[5] (FAP, Ex. G at 5.) Second, Petitioner ignores the requirement that the newly-recognized right at issue must have been "made retroactively applicable to cases on collateral review." § 2244(d)(1)(C). Neither *Frye* nor *Lafler* has been held to apply retroactively. *Cf. Reedy*

---

[5] Moreover, if his claim had been based exclusively on *Frye* and *Lafler*, it would also be unexhausted because he never raised it in the state courts. *See* § 2254(b)(1)(A).

*v. Hill*, 383 Fed. Appx. 689, 690 (9th Cir. 2010) (cited pursuant to Ninth Circuit Rule 36-3) (filing a habeas petition within one year of the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), did not render that petition timely under 2244(d)(1)(C) because *Blakely*'s holding was not retroactive).

Petitioner is not entitled to an alternate start of the limitations period based upon a newly-recognized and retroactive constitutional right.

**3. Discovery of Factual Predicate**

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Petitioner's filings do not set forth any facts that show Petitioner is entitled to an alternate start date to the limitations period based upon the late discovery of the factual predicate.

**E. Equitable Tolling**

The AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007). *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (equitable tolling

requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). The petitioner must also demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. *Pace*'s "extraordinary circumstances" prong requires the petitioner to "additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations and citations omitted). Further, equitable tolling determinations are "highly fact-dependent," *Mendoza*, 449 F.3d at 1068, and the petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

In the Response, Petitioner makes two separate arguments that implicate equitable tolling principles. First, he claims he never received any notification that his first state habeas petition had been received by the court, filed or denied. (Resp. at 2.) This argument is frivolous as it concerns *Pace*'s equitable tolling requirements. The Court has already discussed the fact that Petitioner's first state habeas petition was filed and summarily denied in February 2009, before Petitioner was even sentenced, well over a year before the AEDPA limitations period started running, and more than two years before he filed another state habeas petition. Petitioner has not proffered any explanation as to why in well over three years since he submitted that petition for filing he has never once followed up to determine if it was even received, let alone decided. And, most pertinent to equitable tolling, he has certainly not shown any diligence in filing a timely federal habeas petition while the limitations period was running from May 10, 2010, until May 9, 2011. *Mendoza*, 449 F.3d at 1070 (a petitioner seeking equitable tolling must demonstrate he made diligent efforts "during

the running of the AEDPA time limitation. . . .") Petitioner's allegations that he showed diligence by filing post-trial motions, pursuing a direct appeal, and seeking DNA testing are irrelevant to the diligence required for equitable tolling of AEDPA's limitations period, and if anything, his actions conclusively show his alleged unawareness of the denial of his first petition was in no way an extraordinary circumstance that made it impossible to file a federal habeas petition on time. *Ramirez*, 571 F.3d at 997.

Second, Petitioner claims his appellate attorney's mistakes contributed to his untimely FAP. He first argues that he delayed filing his second state habeas petition based on counsel's advice. (Resp. at 3.) That argument fails. Petitioner refers to a letter attached as Exhibit A to his Response, written by his appellate counsel on July 21, 2009, informing Petitioner that he was going to draft and file his opening brief on direct appeal. In the letter, counsel also stated:

> I read some of the materials you wrote to [Appellate Defenders Inc.]. I ask for your own sake that you not file a pro per habeas corpus petition until I have read the record and communicated my opinion(s). You only get one bite of the apple. You risk the court simply denying your writ (the most likely outcome) and leaving you with no other remedy.

(Resp., Ex. A.) Counsel's advice was not only correct, but it came in July 2009, nearly 10 months before the AEDPA limitations period commenced, and before Petitioner's opening brief on appeal was even filed. Petitioner has not alleged or shown how appellate counsel's sound advice very early in the representation, that Petitioner refrain from doing anything rash before the attorney could review his case, had any bearing whatsoever on Petitioner's failure to file a federal habeas petition while the AEDPA limitations period was running *the following year*. *See Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001) (the petitioner must show the alleged extraordinary circumstances were the but-for and proximate cause of his untimeliness). Indeed, it

was Petitioner's own decision to wait until February 2011 to request DNA testing, and then wait even longer after he determined there was "no other known remedy" (Resp. at 3), to file a state habeas petition in an attempt to exhaust his pending claims. He cannot fault his counsel's helpful advice in July 2009, that he had "one bite of the apple," for his own egregious lack of diligence. *See Spitsyn*, 345 F.3d at 802 (without reasonable diligence there is no "link of causation between the extraordinary circumstances and the failure to file . . . .").[6]

Petitioner next claims his appellate counsel on a separate occasion miscalculated the commencement of the AEDPA limitations period. (Resp. at 3&5.) This contention is rejected because an attorney's miscalculation of the limitations period does not constitute an extraordinary circumstance sufficient to warrant equitable tolling. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). Moreover, to the extent counsel made a miscalculation, there is nothing to show it had any effect on the timeliness of the pending FAP. Petitioner failed to constructively file a federal habeas petition until March 21, 2012, several months later than his counsel advised, so he did not rely on his attorney's advice, and it was not the cause of his untimeliness. *Allen*, 255 F.3d at 800.

Lastly, Petitioner claims to the extent it appears he lacked diligence for failing to file a petition for review on direct appeal, it was "only because Petitioner's counsel . . . refused his requests to do so." (Resp. at 3.) But, Exhibit B to Petitioner's Response establishes that, on March 31, 2010, the day after the court of appeal denied Petitioner's direct appeal, counsel wrote Petitioner a letter informing him of the denial, and that he would not be filing a petition for review because he believed it had no chance of success. Counsel then supplied Petitioner with all the pertinent information

---

[6] Additionally, Petitioner's appellate counsel sent him his trial transcripts on April 8, 2010, more than a month before the start of AEDPA's limitations period. (Resp., Ex. C.)

for filing one *in pro se.* (Resp., Ex. B.) Petitioner could certainly, through the exercise of reasonable diligence, have filed a petition for review. *Mendoza*, 449 F.3.d at 1070

The face of the FAP and state court records establish Petitioner is not entitled to any equitable tolling, and his Response does not alter that conclusion.

**ORDER**

Based upon the foregoing, the Court finds the FAP is time-barred. Further, by way of the OSC, the Court finds Petitioner has received notice and an adequate opportunity to show cause why the FAP should not be dismissed as time-barred. ACCORDINGLY, IT IS HEREBY ORDERED THAT the reference to the magistrate judge is vacated and the FAP is dismissed with prejudice. The clerk is directed to enter judgment dismissing this action with prejudice and notifying Petitioner of said judgment. Any and all pending motions are terminated.

DATED: June 21, 2012

OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

Presented by:

Arthur Nakazato
United States Magistrate Judge